# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Ronald Merl McKay, et al., | |
| Plaintiffs, | |
| v. | Case No. 13-CIV-176-RAW |
| Acie V. Hayes, Jr., | |
| Defendant. | |

**ORDER**

Before the court is Plaintiffs' "Instanter Petition for Declaratory Judgment," [Docket No. 12] and Defendant's objection in response [Docket No. 13].

Plaintiff's Petition states fourteen (14) grounds for declaratory judgment. Some of the listed grounds are subject matter jurisdiction, diversity of citizenship, "capitis diminutio maxima (meaning a maximum loss of status through the use of capitalization)", courts of admiralty, etc. Title 28 § 2201 of the United States Code provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

The court construes liberally the pleadings of all pro se litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court cannot, however, serve as a litigant's counsel. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). (... the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.)

In his objection, Defendant states: "The Petition appears to seek declaratory judgment by its heading but the content of the Petition and Brief in Support completely fail to identify the issue for which declaratory judgment is sought." Page 1. The court has thoroughly reviewed the petition, and cannot ascertain specifically what relief is being requested by Plaintiff.

Plaintiff's Instanter Petition for Declaratory Judgment [Docket No. 12] is DENIED.

Dated this 18th day of June, 2013.

**Dated this 18th day of June, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma