IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

Ronald Merl McKay,

Twin Rivers Land & Cattle Co., LP,

Twin Rivers Land & Cattle Co., LP, LLC,

        Plaintiffs,

v.

A.V. Hayes, Jr.,

        Defendant.

Case No. CIV-13-176-RAW

## ORDER

Before the court is Defendant's motion to dismiss [Docket No. 6] filed on April 26, 2013. The response was due May 10, 2013. On June 21, 2013, this court entered an Order giving Plaintiffs an additional fourteen days to respond to Defendant's motion to dismiss. The court stated that if Plaintiffs failed to respond to Defendant's motion to dismiss by July 5, 2013, this action would be dismissed.[1]

Despite the court's Order, Plaintiffs have not responded to the motion. Plaintiffs instead returned the court's Order with the following handwritten notation on the first page: "This offer to Contract is not Accepted Contract Denied Consent to these preceedings (sic) is Refused for

---

[1] Local Civil Rule 7.1(h) provides that if a dispositive motion is unopposed, the court may in its discretion provide an additional fourteen days, after which the case will be dismissed or the motion will be confessed.

Cause and FRAUD without prejudice UCC1-308."[2] While Plaintiffs failed to respond to the motion to dismiss as directed by this court, on July 3, 2013, Mr. McKay filed a motion titled, "Instanter Petition in the Nature of Quo Warranto for a Substantive Right in Case No. 13-CV-176-RAW for Summary Judgment" [Docket No. 16]. This is the third motion for judgment filed by Mr. McKay.[3]

Mr. McKay is acting *pro se*. The Twin Rivers companies are acting by and through Mr. McKay. As this court has previously noted, it construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 93 F2d 1106, 1110 (10th Cir. 1991). In accordance with this rule, when "the court can reasonably read the pleadings to state a valid claim on which [a *pro se*] plaintiff could prevail, it [will] do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted). Moreover, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

In its June 21, 2013 Order, the court informed Plaintiffs of the procedural rule requiring a response to Defendant's motion to dismiss and provided Plaintiffs with additional time to do so. Plaintiffs flatly refused the opportunity. The court could proceed by dismissing this action as it

---

[2]Plaintiffs have returned three of the four Orders entered in this case with similar handwritten notations. See Docket Nos. 11, 17 and 18.

[3]Plaintiffs filed a "motion for judgment" requesting an "order of summary judgment" on May 2, 2013. That motion was denied on May 7, 2013. Plaintiffs filed an "instanter petition for declaratory judgment" on May 31, 2013. That motion was denied on June 18, 2013.

warned Plaintiffs it would do if they failed to respond.  Conversely, the court could consider Mr. McKay's summary judgment motion a "response."

Of course, the court prefers to decide cases on their merits.  The court has reviewed the Complaint and all of its attachments.  While the Complaint alone is very incoherent, taking into account the attachments to the Complaint, the court can reasonably read it to state a valid claim upon which Plaintiffs could prevail.  Exhibit A to the Complaint is the contract between Plaintiffs and Defendant for the sale of certain property that was executed on October 29, 2004.  The contract includes a clause on page 7, stating: "To the best of Seller's knowledge and belief, SELLER is not aware of any material defects as to the legal title and ownership of the property as owned by him."  Exhibit B is a notice of a lease agreement between Defendant and a third party that was executed on October 4, 2004.  Plaintiffs allege this lease is a seven year lease to the same property that is the subject of the contract between Plaintiffs and Defendant and that Defendant did not inform Plaintiffs of this lease.

Plaintiffs attach letters from their attorney as Exhibit C.  One letter notes a plan to pursue claims against Defendant for breach of contract and misrepresentation.  Another letter from counsel to Mr. McKay notes past attorney fees due and urges Mr. McKay not to proceed unrepresented, as there is little chance of success without representation.

As noted above, at this point, the court could dismiss this action based on Plaintiffs' failure to comply with the procedural rules as directed by this court.  Moreover, as Plaintiffs' former counsel pointed out to Mr. McKay, Plaintiffs' *pro se* pleadings are incoherent.

The court, however, declines to dismiss this action at this time because the court can reasonably read the Complaint with its attachments to state a claim upon which Plaintiffs could

3

prevail. The court, therefore, DENIES the motion to dismiss [Docket No. 6]. Plaintiffs' motion for summary judgment [Docket No. 16] is also DENIED. As Defendant argues, this is Plaintiffs' third such motion, and Plaintiffs did not receive leave of court pursuant to Local Civil Rule 56.1(a). If Plaintiffs wish to file an additional motion for summary judgment, they shall file for leave of court.[4]

IT IS SO ORDERED this 26th day of July, 2013.

**Dated this 26th day of July, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[4] The court again notes that it cannot act as Plaintiffs' counsel. Whether it be in support of a summary judgment motion by Plaintiffs or in defense of a summary judgment motion by Defendant, the court cannot construct arguments or search the record on Plaintiffs' behalf. Furthermore, whether Plaintiffs decides to follow his former counsel's advice and retain counsel or to continue to proceed *pro se*, they will be subject to the same procedural rules that govern other litigants.