IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

Ronald Merl McKay,[1]
Twin Rivers Land & Cattle Co., LP,
Twin Rivers Land & Cattle Co., LP, LLC,[2]

      Plaintiffs,

v.

A.V. Hayes, Jr.,
      Defendant.

Case No. CIV-13-176-RAW

## ORDER

Before the court is Defendant's motion for summary judgment [Docket No. 35]. Plaintiffs did not respond to the motion by the deadline to file a response. On April 10, 2014, the court entered an Order providing an additional fourteen days for Plaintiffs to file a response.

---

[1] As this court has previously noted, Plaintiff McKay is acting *pro se*. The court construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 93 F2d 1106, 1110 (10th Cir. 1991). In accordance with this rule, when "the court can reasonably read the pleadings to state a valid claim on which [a *pro se*] plaintiff could prevail, it [will] do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted). Moreover, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

[2] The Twin Rivers entities are acting by and through Plaintiff McKay. Plaintiff McKay is not permitted to act as legal counsel for the Twin Rivers entities. See Allen v. City of Chickasha, 211 P.3d 241, 243 (Okla.Civ.App. 2009) (quoting Massongill v. McDevitt, 828 P.2d 438, 439-40 (Okla.Civ.App. 1989) ("A corporation is not a natural person. It is an artificial entity created by law, and as such it can neither practice law by appearing *in propria persona* nor act in person by an officer who is not an attorney. [A]lthough a party to an action may appear *pro se*, he is not entitled to appear for or on behalf of a corporation, regardless of his interest in it or any authorization which he may have from the corporation.") Also, "[p]arties who are not natural persons may not appear *pro se*." Local Civil Rule 17.1. As the Twin Rivers Plaintiffs have not had any legal counsel enter an appearance in this action, they are not proper parties to this action. The action is dismissed without prejudice to the Twin Rivers Plaintiffs refiling with legal counsel.

The court informed Plaintiffs that if they did not respond, this action would be dismissed. Again, that deadline has passed, and Plaintiffs have not responded to the motion. Instead, Plaintiff McKay filed briefs titled "Bill of Complaint / quo warranto" and "MANDATORY JUDICIAL NOTICE OF REFUSED FOR FRAUD ON THE COURT." In both briefs, he informs the court that he is refusing the summary judgment motion "for cause and fraud on the court." Otherwise, he makes no arguments in response to the motion.

In his "Bill of Complaint / quo warranto," Plaintiff McKay argues, *inter alia*, that Defendant "manufactured diversity of citizenship," that this court lacks jurisdiction, and that this court committed fraud by using all capital letters in the caption of the Settlement Conference Order. Plaintiff McKay states that the use of all capital letters in the caption was "[t]he highest or most comprehensive loss of status" and that it changed "a man's condition . . . from one of freedom to one of bondage, when he became a slave by attachment, shanghaied, impressed in to servitude, and expatriated from sovereign State citizen and collusively made and joined as a U.S. Corporate Citizen." The court quotes from Plaintiff McKay's brief to illustrate the nature of it and notes that most of the brief is incomprehensible.[3]

Plaintiff McKay also demands that the undersigned recuse for "bias and prejudice of fraud on the court for the manufactured diversity of citizenship for jurisdiction over the parties of Case No. CIV-13-176-RAW," for being "in collusion and conspiracy against" and failing "to prosecute CASE No. CJ-13-18 [the state action that was removed to this court]," and for

---

[3]For example, Plaintiff McKay states: "It is a Fact that: Complainant(s) have been injured "in Fact" and irreparably damaged by a constructive intrinsic and extrinsic fraud on the Court, creating a droitural forcible trespass, misleading and prejudicial of substantive rights, committing a fatal variance of Complainant(s) Quiritarian private persona designata, in transferee action for Federal citizenship venue for no diversity of citizenship for Federal Jurisdiction in an ancillary Civil Original action."

"violating complainants substantive rights of due process of law, and the prerogatives and exemptions guaranteed by law."

Plaintiff McKay filed this action in the District Court of Choctaw County Oklahoma on March 19, 2013. On April 19, 2013, Defendant filed a notice of removal to this court. As Plaintiff McKay was a citizen of Texas, the Twin Rivers Plaintiffs were New Mexico entities, Defendant was a citizen of Oklahoma, and the amount in controversy exceeded $75,000, the removal was proper pursuant to 28 U.S.C. § 1332. Plaintiff McKay moved for remand on April 23, 2013, arguing that the removal was void for "failure to establish the fact that the District Court of the United States exists." The court denied the motion to remand motion on May 1, 2013.

As the court has noted before, it has granted Plaintiffs significant leniency throughout these proceedings. When Plaintiffs failed to respond to Defendant's motion to dismiss, the court granted them additional time to do so. Plaintiffs again failed to respond and instead filed a motion for judgment. Nevertheless, the court overlooked the incoherency of the Petition, construed it very liberally, taking into account the attachments thereto, and denied the motion to dismiss. After Plaintiff McKay returned several of this court's Orders with handwritten notations including, "I do not accept this offer to contract and I do not consent to these proceedings," the court entered an Order admonishing him that he must comply with the court's Orders or his case would be dismissed for failure to prosecute.

The court denies Plaintiff McKay's motion for recusal. It is well settled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Plaintiff McKay's demand that the undersigned recuse is based entirely on this court's order denying his motion to remand. Moreover, the undersigned

holds no bias or prejudice toward any party to this action.  The undersigned has provided Plaintiffs substantial leniency, declining to dismiss the action on Defendant's motion when the court had discretion to do so.

The court informed Plaintiffs that if they did not respond to Defendant's motion for summary judgment, this action would be dismissed pursuant to Local Civil Rule 7.1(h). Plaintiffs did not respond.  Accordingly, the motion [Docket No. 35] is hereby deemed confessed.  This action, therefore, is dismissed.  As noted above, the action is dismissed without prejudice to the Twin Rivers entities refiling with legal counsel.  It is dismissed with prejudice as to Plaintiff McKay.

IT IS SO ORDERED this 1st day of May, 2014.

Ronald A. White
United States District Judge
Eastern District of Oklahoma